**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>     **Plaintiff,**<br><br> **v.**<br><br>**TELECHECK SERVICES, INC., a**<br>  **Delaware corporation,**<br><br>  **and**<br><br>**TRS RECOVERY SERVICES, INC., a**<br>  **Delaware corporation,**<br><br>     **Defendants.** | Civil Action No. _____ |

**COMPLAINT FOR CIVIL PENALTIES, PERMANENT
INJUNCTION, AND OTHER EQUITABLE RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization to the

Attorney General by the Federal Trade Commission ("FTC"), for its Complaint alleges:

1.   Plaintiff brings this action under sections 5(a), 5(m)(1)(A), 13(b), 16(a)(1), and

19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b),

56(a)(1), and 57b; and section 621(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§ 1681s(a), to obtain monetary civil penalties and injunctive or other relief for Defendants'

violations of the FTC Act, 15 U.S.C. § 45(a); the FCRA, 15 U.S.C. §§ 1681–1681x; and the

Duties of Furnishers of Information to Consumer Reporting Agencies Rule, 16 C.F.R. § 660,

issued pursuant to section 623(e)(1) of the FCRA, 15 U.S.C. § 1681s-2(e)(1), and recodified as

Duties of Furnishers of Information, 12 C.F.R. § 1022, subpart E ("Furnisher Rule").

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this matter under 28 U.S.C.

§§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(a), 45(m)(A), 53(b), 56(a), and

1681s.

3.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d), 1395(a), and 15

U.S.C. § 53(b).

## PLAINTIFF

4.      This action is brought by the United States of America on behalf of the FTC.  The

FTC is an independent agency of the United States government given statutory authority and

responsibility by, *inter alia,* the FTC Act, 15 U.S.C. §§ 41-58, and the FCRA, 15 U.S.C.

§§ 1681-1681x.  The FTC is charged, *inter alia,* with enforcing section 5(a) of the FTC Act, 15

U.S.C. § 45(a), which prohibits unfair and deceptive acts or practices in or affecting commerce;

and the FCRA, which imposes duties upon consumer reporting agencies.  Pursuant to the FCRA,

the FTC promulgated and enforces the Furnisher Rule, 16 C.F.R. § 660, effective August 1,

2005, recodified as promulgated by the CFPB at 12 C.F.R. § 1022, subpart E, effective July 21,

2011.

## DEFENDANTS

5.      Defendant TeleCheck Services, Inc. ("TeleCheck") is a Delaware corporation

with its principal place of business in Houston, Texas.  TeleCheck transacts or has transacted

business in this district.

6.      Defendant TRS Recovery Services, Inc. ("TRS") is a TeleCheck affiliate.  TRS is

a Delaware corporation with its principal place of business in Houston, Texas.  TRS transacts or

has transacted business in this district.

**COMMERCE**

7.      At all times material to this Complaint, Defendants have maintained a substantial

course of trade in or affecting commerce, as "commerce" is defined in section 4 of the FTC Act,

15 U.S.C. § 44.

**FAIR CREDIT REPORTING ACT**

8.      The FCRA was enacted in 1970, became effective on April 25, 1971, and has

been in force since that date.  The Fair and Accurate Credit Transactions Act amended the FCRA

in December 2003, and the Dodd-Frank Act amended the FCRA in July 2010.

9.      Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Commission to use

all of its functions and powers under the FTC Act to enforce compliance with the FCRA by all

persons subject thereto except to the extent that enforcement specifically is committed to some

other governmental agency, irrespective of whether the person is engaged in commerce or meets

any other jurisdictional tests set forth by the FTC Act.

10.      TeleCheck is now and has been a consumer reporting agency ("CRA"), as defined

in section 603(f) of the FCRA, 15 U.S.C. § 1681a(f):

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis,
>
> regularly engages in whole or in part in the practice of assembling or evaluating
>
> consumer credit information or other information on consumers for the purpose of
>
> furnishing consumer reports to third parties, and which uses any means or facility
>
> of interstate commerce for the purpose of preparing or furnishing consumer
>
> reports.

11.      TeleCheck regularly sells in interstate commerce consumer information it

assembles for the purpose of furnishing consumer reports to its clients.  Consumer reports are:

any written, oral, or other communication of any information by a consumer

reporting agency bearing on a consumer's credit worthiness, credit standing,

credit capacity, character, general reputation, personal characteristics, or mode of

living which is used or expected to be used or collected in whole or in part for the

purpose of serving as a factor in establishing the consumer's eligibility for (A)

credit or insurance to be used primarily for personal, family, or household

purposes; (B) employment purposes; or (C) any other purpose authorized under

section 604.

Section 603(d)(1) of the FCRA, 15 U.S.C. § 1681a(d)(1).

12.     The FCRA imposes several obligations upon CRAs, including obligations to:

a)  follow reasonable procedures to assure the maximum possible accuracy of

consumer report information;

b)  take certain steps when a consumer disputes information in his or her file,

including: completing a reasonable reinvestigation within a set time period;

providing prompt notice of disputes to those who regularly and in the ordinary

course of business furnish information to one or more CRAs about their

transactions or experiences with any consumer ("furnishers"); promptly deleting

inaccurate, incomplete, or unverifiable information; promptly notifying the

furnisher that information has been modified or deleted; maintaining reasonable

procedures designed to prevent the reappearance of deleted information; and

promptly providing notice to the consumer of the results of its investigation that

includes, *inter alia*, an updated consumer report and a notice that the consumer

can request a description of the reinvestigation procedure.

*See* sections 607(b) and 611 of the FCRA, 15 U.S.C. §§ 1681e(b), 1681i.

13.     TRS is now and has been a "furnisher of information" to CRAs, as described in

section 623(a)(2)(A) of the FCRA, 15 U.S.C. § 1681s-2(a)(2)(A), because it "regularly and in the

ordinary course of business furnishes information to one or more CRAs about the person's

transactions or experiences with any consumer."  TRS regularly reports information to

TeleCheck, which is a CRA, as defined in section 603(f) of the FCRA, 15 U.S.C. § 1681a(f).

14.      The FCRA imposes several obligations upon furnishers, including obligations to

establish and implement reasonable written policies and procedures regarding the accuracy and

integrity of the consumer information it furnishes to a CRA.  16 C.F.R. § 660.3(a), recodified at

12 C.F.R. § 1022.42.

## DEFENDANTS' BUSINESS PRACTICES

15.     TeleCheck provides recommendations to merchants throughout the United States

as to whether to accept consumers' checks.   TeleCheck has processed 560 million transactions

for over 400,000 subscribers, at more than 375,000 locations.  These recommendations take into

account the consumer's identification provided at the point of sale; any unpaid debts in the form

of previous returned checks; and a variety of risk factors bearing on the likelihood that a check

will be returned unpaid by the consumer's financial institution.

16.     The check authorization recommendations that TeleCheck provides are designed

to assist merchants in deciding whether to accept consumers' checks and are, therefore,

consumer reports as defined in section 603(d)(1) of the FCRA, 15 U.S.C. § 1681a(d)(1).

TeleCheck's check authorizations are communicated to third parties; bear on, *inter alia*, a

consumer's credit worthiness, character, general reputation, or personal characteristics; and are

used or expected to be used in connection with business transactions that a consumer has

initiated.

## Reinvestigating Disputed Information

17.     The FCRA requires that, when a consumer attempts to pay by check at a merchant that uses TeleCheck, and TeleCheck does not authorize the check, the merchant must provide the consumer with a notice that, *inter alia*, (1) states that its decision not to accept the consumer's check was based on information that TeleCheck provided; (2) provides TeleCheck's contact information; (3) advises the consumer that they have a right to obtain a free copy of the information TeleCheck has on file about them; and (4) advises the consumer that they are entitled to dispute the accuracy of the information that TeleCheck has furnished about them.  *See* section 615(a) of the FCRA, 15 U.S.C. § 1681m(a).

18.     Upon receiving a dispute from the consumer, the FCRA requires that TeleCheck conduct a reasonable reinvestigation to determine whether the disputed information is accurate. *See* section 611(a)(1)(A) of the FCRA, 15 U.S.C. § 1681i(a)(1)(A).

19.     In certain instances, when consumers notify TeleCheck that they dispute the accuracy or completeness of information in their file, TeleCheck incorrectly informs consumers that the only valid reasons for disputes under the FCRA are the amount of the transaction, the date of the transaction, and whether services were rendered.   In certain other instances, TeleCheck attempts to shift the burden of conducting a reinvestigation to consumers, rather than fulfilling its legal obligation to reinvestigate disputed information.  For example, if a consumer states that he did not authorize a transaction, TeleCheck, under certain circumstances, instructs him to contact the merchant, rather than initiating a reinvestigation.

20.     TeleCheck also restricts its reinvestigations in ways not permitted by the FCRA. For example, under certain circumstances, if a consumer alleges fraud, TeleCheck refuses to reinvestigate and/or clear the disputed information from the consumer's file unless the consumer

provides a police report identifying the suspect and is willing to participate in the suspect's prosecution.

21.     The FCRA also imposes several specific obligations upon CRAs as they conduct reasonable reinvestigations, which TeleCheck violates.  *See* section 611(a) of the FCRA, 15 U.S.C. § 1681i(a).  In certain instances, TeleCheck:

a)  Fails to complete reinvestigations within 30 days or, if information is received from the consumer during the 30-day period that is relevant to the reinvestigation, within 45 days.  TeleCheck restarts the 30-day dispute timeline when it receives additional information from a consumer who has disputed information, and, in certain instances, fails to adequately track the handling and resolution of consumer disputes, which increases the risk of inaccurate or unverifiable information remaining in consumers' files longer than the FCRA permits.

b)  Fails to provide, before the expiration of the 5-business-day period beginning on the date on which TeleCheck receives notice of a dispute from any consumer, notification of the dispute to any furnisher of disputed information, at the address and in the manner established with the person, including all relevant information regarding the dispute that TeleCheck has received from the consumer;

c)  Fails to notify the consumer, within 5 business days, by mail or other means authorized by the consumer for that purpose, when it has terminated a reinvestigation of information disputed by a consumer, because it reasonably determined that the consumer's dispute was frivolous or irrelevant;

d) After conducting a reinvestigation of information disputed by a consumer and finding that an item of information is inaccurate, incomplete, or cannot be verified, fails to:

   i) promptly delete or modify an item of information from the consumer's file, as appropriate, based on the results of the reinvestigation; and/or

   ii) promptly notify the furnisher of that information that the information has been modified or deleted from the consumer's file;

e) Fails to maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is deleted pursuant to a reinvestigation. For example, if a merchant subsequently re-reports to TeleCheck information that TeleCheck previously deleted, TeleCheck may include this information in its consumer file because it has no system or procedure to verify whether the information was previously determined to be inaccurate or unverifiable;

f) Fails to provide sufficient written notice to a consumer of the results of a reinvestigation not later than 5 business days after the completion of the reinvestigation. In certain instances, TeleCheck failed to provide notices to consumers regarding the results of a reinvestigation, and in other instances, TeleCheck's notices to consumers failed to include:

   i) a consumer report as it was revised as a result of the reinvestigation; and

   ii) a notice that the consumer could request a description of the procedure used to determine the accuracy and completeness of the information in his or her file.

**Accuracy of Consumer Report Information**

22.     Section 607(b) of the FCRA, 15 U.S.C. § 1681e(b), requires CRAs to follow reasonable procedures to "assure the maximum possible accuracy of the information concerning the individual about whom the report relates."

23.     In certain instances, TeleCheck failed to follow reasonable procedures to assure the maximum possible accuracy of consumer report information.   At times, TeleCheck failed to promptly delete or modify an item of information from the consumer's file after conducting a reinvestigation and finding that an item of information was inaccurate or unverifiable.  This failure increased the risk of reporting inaccurate or unverifiable consumer report information regarding consumers who may have been denied the ability to pay by check at the thousands of merchants who use TeleCheck's check authorization services.

**Furnisher Obligation: Written Procedures**

24.     The FCRA required the FTC to establish and maintain guidelines for furnishers regarding the accuracy and integrity of information, and to prescribe regulations requiring furnishers to establish reasonable policies and procedures to implement those guidelines. Section 623(e)(1) of the FCRA, 15 U.S.C. § 1681s-2(e)(1).  The FTC published those guidelines and regulations, respectively, at appendix A to part 660 and 16 C.F.R. § 660.  In July 2011, the Dodd-Frank Act transferred this rulemaking authority to the CFPB, and the CFPB republished those guidelines and regulations at 12 C.F.R. § 1022, subpart E and appendix E to Part 1022. The FTC enforces these CFPB regulations and guidelines with respect to entities over which the FTC retains jurisdiction under the FCRA.

25.     The Furnisher Rule, 16 C.F.R. § 660, recodified at 12 C.F.R. § 1022, subpart E, states that furnishers must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that they furnish to

CRAs and must consider the guidelines in appendix E of that rule.  16 C.F.R. § 660.3, recodified at 12 C.F.R. § 1022.42.

26.     TRS has failed to consider the guidelines in appendix E of that rule in its written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to TeleCheck.

## VIOLATIONS OF THE FCRA AND THE FTC ACT

## COUNT I

### Reinvestigations of Disputed Information

27.     As described above in paragraphs 19–21, in many instances, TeleCheck has failed to follow the steps required by section 611 of the FCRA, including failing to complete a reasonable reinvestigation within 30 days or, if the period of time is extended, within 45 days; failing to provide prompt notice of disputes to furnishers upon receipt of notice of the dispute from consumers; failing to, where appropriate, provide notice of a determination that a dispute is frivolous or irrelevant; failing to promptly delete inaccurate, incomplete, or unverifiable information; failing to promptly notify the furnisher that information has been modified or deleted; failing to maintain reasonable procedures designed to prevent the reappearance of deleted information in a consumer's file; and failing to promptly provide notice to the consumer of the results of its investigation that includes, *inter alia*, an updated consumer report and a notice that the consumer can request a description of the reinvestigation procedure.

28.     By and through the acts and practices described in paragraphs 19–21 and 27, TeleCheck has violated section 611 of the FCRA, 15 U.S.C. § 1681i.

29.     Pursuant to section 621(a)(l) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in paragraph 28 also constitute unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT II

### Accuracy of Consumer Report Information

30.     As described above in paragraph 23, TeleCheck has failed to use reasonable procedures to assure maximum possible accuracy of consumer report information, as required by 607(b) of the FCRA, 15 U.S.C. § 1681e(b).

31.     By and through the acts and practices described in paragraphs 23 and 30, TeleCheck has violated section 607(b) of the FCRA, 15 U.S.C. § 1681e(b).

32.     Pursuant to section 621(a)(l) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in paragraph 31 also constitute unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT III

### Requirements of Furnishers:  Written Policies

33.     As described in paragraph 26, TRS has failed to consider the guidelines in appendix E of the Furnisher Rule, as required by 16 C.F.R. § 660.3(a), recodified at 12 C.F.R. § 1022.42.

34.     By and through the acts and practices described in paragraphs 26 and 33, TRS has violated 16 C.F.R. § 660.3(a), recodified at 12 C.F.R. § 1022.42(a).

35.     Pursuant to section 621(a)(l) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in paragraph 34 also constitute unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### INJUNCTION FOR VIOLATIONS OF THE FCRA AND THE FTC ACT

36.     Under section 621(a) of the FCRA, 15 U.S.C. § 1681s(a) and section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction to prevent continued violations of the FTC Act or the FCRA.

**EQUITABLE RELIEF FOR VIOLATIONS OF THE FCRA AND THE FTC ACT**

37.     Under section 621(a) of the FCRA, 15 U.S.C. § 1681s(a), and section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FTC Act and the FCRA, including the ability to order rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement to deprive a wrongdoer of ill-gotten gain.

**CIVIL PENALTIES FOR VIOLATIONS OF THE FCRA**

38.     Section 621(a)(2)(A) of the FCRA, 15 U.S.C. § 1681s(a)(2)(A), authorizes the Court to award monetary civil penalties in the event of a knowing violation, which constitutes a pattern or practice of violations.  TeleCheck's violations of sections 607 and 611 of the FCRA, as alleged in this Complaint, were knowing and constituted a pattern or practice of violations. As specified by the Federal Civil Penalty Inflation Adjustment Act of 1990, 28 U.S.C. § 2861, as amended, the Court is authorized to award a penalty of not more than $2,500 per violation for violations occurring before February 10, 2009, and $3,500 per violation for violations occurring on or after that date.

39.     Each instance in which TeleCheck has failed to comply with the FCRA in one or more of the ways described above constitutes a separate violation of the FCRA for the purpose of assessing monetary civil penalties under section 621 of the FCRA.  Plaintiff seeks monetary civil penalties for every separate violation of the FCRA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court, pursuant to 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 1681s, and pursuant to the Court's own equitable powers:

(1)     Enter judgment against Defendants and in favor of Plaintiff for each law violation alleged in this Complaint;

(2)     Enter a permanent injunction against Defendants to prevent further violations of the FTC Act and the FCRA, as alleged herein;

(3)     Award Plaintiff monetary civil penalties from Defendants for each violation of the FCRA as alleged in this Complaint;

(4)     Order Defendants to pay the costs of this action; and

(5)     Award Plaintiff such additional relief as the Court may deem just and proper.


Dated ___Jan. 16___, 2014

**FOR THE UNITED STATES OF AMERICA:**

STUART F. DELERY
Assistant Attorney General, Civil Division
U.S. DEPARTMENT OF JUSTICE

MAAME EWUSI-MENSAH FRIMPONG
Deputy Assistant Attorney General
Civil Division

MICHAEL S. BLUME
Director
Consumer Protection Branch

RICHARD GOLDBERG
Assistant Director
Consumer Protection Branch


ANN ENTWISTLE
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
PHONE: 202-305-3630
FAX: 202-514-8742
Ann.Entwistle@usdoj.gov

**FOR THE FEDERAL TRADE COMMISSION:**

MANEESHA MITHAL
Associate Director
Division of Privacy and Identity Protection

ROBERT SCHOSHINSKI
Assistant Director
Division of Privacy and Identity Protection

KATHERINE ARMSTRONG
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
601 New Jersey Avenue, NW
Mail Stop NJ-8100
Washington D.C.  20001
Tel:    (202) 326-3250

KRISTEN ANDERSON
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
601 New Jersey Avenue, NW
Mail Stop NJ-8100
Washington D.C.  20001
Tel:    (202) 326-3209